UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEONTEA JAMAR WHITE,

    Petitioner,

v.                                    Case No. 21-cv-12899

MATT MACAULEY,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION
TO REOPEN TIME TO FILE AN APPEAL**

Before the court is Petitioner Deontea Jamar White's "Motion to Reopen Time to File an Appeal." (ECF No. 22.) For the reasons below, the motion is denied.

### I.  BACKGROUND

On June 23, 2022, the court denied Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*. (ECF No. 14.)

On August 25, 2022, Petitioner filed an untimely Notice of Appeal. (ECF No. 17). The United States Court of Appeals for the Sixth Circuit ordered Petitioner to show cause as to why the appeal should not be dismissed for being untimely. (*See* ECF No. 21, PageID.927.) In response, Petitioner filed a motion in the Court of Appeals for an extension of time to file a notice of appeal, contending that he was transferred to a different facility on the same day the court's judgment was entered and did not receive notice thereof until August 8, 2022. (*Id.*) While disclaiming the authority to grant an extension under Federal Rule of Appellate Procedure 4(a)(5), the Sixth Circuit observed

that Petitioner's motion was nonetheless late. (*Id.*) Additionally, the Sixth Circuit noted that, although Petitioner did not request relief under Federal Rule of Appellate Procedure 4(a)(6), neither Plaintiff's notice of appeal nor his response to the show-cause order could be construed as such a motion. (*Id.*) And, it would also have been untimely. (*Id.*) Ultimately, the Sixth Circuit dismissed the appeal for lack of subject matter jurisdiction, because Petitioner had failed to comply with the appeal deadline. (*Id.* at PageID.927-28.)

On December 28, 2022, Petitioner filed the instant motion asking the court to reopen the time to file an appeal. (ECF No. 28.)

## II.  DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

At issue is the requirement of timely filing under sub-part (B). Petitioner says he received notice of the court's June 23, 2022 decision on August 8, 2022. (ECF No. 22, PageID.929.) Accordingly, the instant motion – filed over four months later – was not timely in accordance with Rule 4(a)(6)(B).

Nonetheless, Petitioner argues that the timeliness requirement is satisfied because "he filed the Notice of Appeal on August 19, 2022." (ECF No. 22, PageID.930.) The Sixth Circuit "ha[s] refused to construe simple notices of appeal as motions to extend or motion to reopen." *Reho v. United States*, 53 F.4th 397, 399 (6th Cir. 2022) (citing *Pryor v. Marshall*, 711 F.2d 63, 65 (6th Cir. 1983); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017)). But, as pro se petitioners' filings are construed liberally, the court has also "treated notices of appeal that could reasonably be interpreted as motions for extension to reopen." *Id.* (citing *Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020)).

Therefore, the issue is whether Petitioner's August 2022 filings (ECF Nos. 17, 18) can reasonably be read as a motion to reopen time to file an appeal. *Id.* They cannot. Nothing in these documents resembles a request for an extension or reopen of time. *Compare Reho,* 53 F.4th at 399 (treating as a motion for extension the petitioner's filing which requested extension of time to apply for a certificate of appealability and to proceed *in forma pauperis* on appeal as well as offered explanation for the delay). Accordingly, Petitioner's August 2022 filings cannot be construed more than a notice of appeal, and, as the Sixth Circuit has observed, no timely motion to reopen was filed. (ECF No. 21, PageID.927) (citing *Martin*, 876 F.3d at 237).

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Reopen Time to File an Appeal" (ECF No. 22) is DENIED.

                                               s/Robert H. Cleland  /
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: January 24, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Wagner  /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Habeas & Staff Attorney\21-12899.WHITE.ReopenAppeal.DB.NH.docx